**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005<br><br>*Plaintiff*,<br><br>v.<br><br>ELECTION ASSISTANCE COMMISSION,<br>1335 East West Highway, Suite 4300<br>Silver Spring, MD 20910<br><br>*Defendant*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     Case No. 20-633 |

## COMPLAINT

1.      Plaintiff American Oversight brings this action against the U.S. Election

Assistance Commission under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the

Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive

relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B)

and 28 U.S.C. §§ 1331, 2201, and 2202.

3.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C.

§ 1391(e).

4.      Because Defendant has failed to comply with the applicable time-limit provisions

of FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant

to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency from

continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5.      Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to promoting transparency in government, educating the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information gathered, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6.      Defendant U.S. Election Assistance Commission (EAC) is an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1) headquartered in Silver Spring, MD. EAC has possession, custody, and control of the records that American Oversight seeks.

## STATEMENT OF FACTS

7.      On June 15, 2019, *Politico* published a report detailing issues at EAC, including diverging views among officials regarding the threat of foreign interference in American elections and micromanagement of staff.

8.      American Oversight filed a series of FOIA requests seeking records to shed light on EAC's response to election security threats and whether and to what extent outside interests influenced EAC's response.

*Directives FOIA*

9.      On October 18, 2019, American Oversight submitted a FOIA request to EAC

seeking access to the following records:

> Any final guidance, policy directives, or decision memoranda
> related to foreign interference in elections.
>
> To be clear, this request encompasses guidance, directives, or
> decision memoranda which originated in the EAC as well as in other
> U.S. federal government entities.

10.     American Oversight requested all responsive records from January 20, 2017,

through the date the search is conducted.

11.     At the time of this filing, American Oversight has received no communication

from EAC regarding the Directives FOIA.

*White House Communications FOIA*

12.     On October 18, 2019, American Oversight submitted a FOIA request to EAC

seeking access to the following records:

> All communications (including emails, email attachments, or
> calendar invitations or entries) between (a) the following EAC
> custodians and (b) anyone in the Executive Office of the President
> (including anyone with an email address ending in eop.gov)
> regarding foreign election interference, including communications
> regarding a lack of foreign election interference.
>
> **EAC Custodians**
>
> i.   Commissioner Christy McCormick, as well as anyone
>      communicating on her behalf (including communications
>      concerning official government business sent from any
>      personal account, including but not limited to the email
>      address cacm@aol.com)
> ii.  Commissioner Benjamin W. Hovland, as well as anyone
>      communicating on his behalf, such as a Chief of Staff,
>      scheduler, or assistant

      iii.    Commissioner Donald L. Palmer, as well as anyone communicating on his behalf, such as a Chief of Staff, scheduler, or assistant

      iv.    Commissioner Thomas Hicks, as well as anyone communicating on his behalf

      v.    Former Commissioner Matthew V. Masterson, as well as anyone communicating on his behalf, such as a Chief of Staff, scheduler, or assistant

      vi.    Executive Director Brian Newby, as well as anyone communicating on his behalf, such as a Chief of Staff, scheduler, or assistant

      vii.    General Counsel Cliff Tatum

13.    American Oversight also provided a list of nine suggested search terms, stating American Oversight's view that a reasonable search for responsive records would require at least those terms.

14.    American Oversight requested all responsive records from January 20, 2017, through the date the search was conducted.

15.    At the time of this filing, American Oversight has received no communication from EAC regarding the White House Communications FOIA.

*Outside Communications FOIA*

16.    On January 16, 2019, American Oversight submitted a FOIA request to EAC seeking access to the following records:

All communications (including emails, email attachments, text messages, calendar invitations/entries, letters, memoranda, or other communications) between (a) any of the EAC officials or employees listed in Column A below, and (b) any of the individuals or entities listed in Column B below:

| Column A: EAC Officials | Column B: External Individuals & Entities |
|---|---|
| i.    Commissioner Christy McCormick, as well as anyone communicating on her behalf (including | i.    Kris Kobach (including communications from kkobach@gmail.com, kris@kriskobach.com, |

| | | | |
|---|---|---|---|
| | communications concerning official government business sent from any personal account, including but not limited to the email address cacm@aol.com) | | or any email addresses ending in ks.gov) |
| ii. | Commissioner Benjamin W. Hovland, as well as anyone communicating on his behalf, such as a Chief of Staff, scheduler, or assistant | ii. | Hans von Spakovsky (including communications from hans.vonspakovsky@heritage.org) |
| iii. | Commissioner Donald L. Palmer, as well as anyone communicating on his behalf, such as a Chief of Staff, scheduler, or assistant | iii. | Stephanie Edelman (stephanie@stephanieedelman.com) |
| | | iv. | Thomas Hofeller (celticheal@aol.com or thofeller@rnchq.org) |
| | | v. | Dale Oldham |
| | | vi. | J. (John) Christian Adams |
| iv. | Commissioner Thomas Hicks, as well as anyone communicating on his behalf | vii. | John R. Lott Jr. |
| | | viii. | Ken Block |
| | | ix. | Robert Popper |
| | | x. | Catherine Engelbrecht |
| v. | Former Commissioner Matthew V. Masterson, as well as anyone communicating on his behalf, such as a Chief of Staff, scheduler, or assistant | xi. | Anyone communicating on behalf of the Election Law Center (electionlawcenter.com) |
| | | xii. | Anyone communicating on behalf of Government Accountability Project (g-a-i.org) |
| vi. | Executive Director Brian Newby, as well as anyone communicating on his behalf, such as a Chief of Staff, scheduler, or assistant | xiii. | Anyone communicating on behalf of Judicial Watch (judicialwatch.org) |
| | | xiv. | Anyone communicating on behalf of Heritage Foundation (heritage.org) |
| | | xv. | Anyone communicating on behalf of Heritage Action for America (heritageaction.com) |
| vii. | General Counsel Cliff Tatum | xvi. | Anyone communicating on behalf of American Civil Rights Union (theacru.org) |

| | | |
|---|---|---|
| | xvii. | Anyone communicating on behalf of True the Vote (truethevote.org) |
| | xviii. | Anyone communicating on behalf of Public Interest Legal Foundation (publicinterestlegal.org) |
| | xix. | Anyone communicating on behalf of Landmark Legal Foundation (landmarklegal.org) |
| | xx. | Anyone communicating on behalf of the Republican State Leadership Committee (rslc.gop) |
| | xxi. | Anyone communicating on behalf of the National Republican Redistricting Trust (thenrrt.org) |

Please exclude news clips or mass mailer generated from Column B entities x-xviii distributed to a wide listserv of twenty or more email addresses. However, a news clips or mass mailer email that is forwarded to or from specified officials with any additional message should be considered responsive.

17.     American Oversight requested all responsive records from January 20, 2017, through the date the search was conducted.

18.     At the time of this filing, American Oversight has received no communication from EAC regarding the Outside Communications FOIA.

*Exhaustion of Administrative Remedies*

19.     As of the date of this complaint, EAC has failed to (a) notify American Oversight of any determination regarding its FOIA requests, including the scope of any responsive records EAC intends to produce or withhold and the reasons for any withholdings; or (b) produce the

requested records or demonstrate that the requested records are lawfully exempt from production.

20.     Through EAC's failure to respond to American Oversight's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

**COUNT I**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Searches for Responsive Records**

21.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

22.     American Oversight properly requested records within the possession, custody, and control of EAC.

23.     EAC is an agency subject to FOIA, and it must therefore make reasonable efforts to search for requested records.

24.     EAC has failed to promptly review agency records for the purpose of locating those records that are responsive to American Oversight's FOIA requests.

25.     EAC's failure to conduct an adequate search for responsive records violates FOIA and EAC regulations.

26.     Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendant to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA requests.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

27.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

28.     American Oversight properly requested records within the possession, custody, and control of EAC.

29.     EAC is an agency subject to FOIA, and it must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

30.     EAC is wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce non-exempt records responsive to its FOIA requests.

31.     EAC is wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to American Oversight's FOIA requests.

32.     EAC's failure to provide all non-exempt responsive records violates FOIA and EAC regulations.

33.     Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

### REQUESTED RELIEF

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to American Oversight's FOIA requests;

(2) Order Defendant to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA requests and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

(4) Award American Oversight the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.

Dated: March 4, 2020                    Respectfully submitted,

                                        */s/ Emma Lewis*
                                        Emma Lewis
                                        D.C. Bar No. 144574

                                        */s/ Katherine Anthony*
                                        Katherine Anthony
                                        D.C. Bar No. 1630524

                                        AMERICAN OVERSIGHT
                                        1030 15th Street NW, B255
                                        Washington, DC 20005
                                        (202) 869-5244
                                        emma.lewis@americanoversight.org
                                        katherine.anthony@americanoversight.org

                                        *Counsel for Plaintiff*